**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

DOCUTEK IMAGING SOLUTIONS,              Case No. 11-24110-RBR
INC.,                                    Chapter 11

    Debtor.
_____/

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER AUTHORIZING,
ON AN INTERIM AND FINAL BASIS USE OF CASH COLLATERAL**

*Emergency Hearing Requested*

**The Debtor requests an emergency hearing in this matter on June 1, 2011, since the relief sought is critical to the funding and administration of this case and to sustaining Debtor's operations. The reasons for such expedited relief are set forth in more detail below. A copy of this Motion has been served on the parties set forth in the Notice provision herein and in the Certificate of Service.**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court, pursuant to Sections 105, 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(F) and (G), for entry of an order authorizing, on an interim and final basis, the Debtor's use of Cash Collateral (as that term is defined in Section 363(a) of the Bankruptcy Code).

In support of this Motion, the Debtor states as follows:

**Background**

1.    On May 23, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is continuing in

possession of the property and are operating and managing its business, as debtor in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtor's Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Debtor's Business

3. Debtor is a full-service copy machine dealer providing services and support with its principal location at 1011 SW 30th Avenue, Deerfield Beach, Florida 33442.

4. Prior to the filing of this bankruptcy petition, in or around June 28, 2007, the Debtor executed and delivered to Regions two promissory notes in the principal amount of $1,742,500.00 and $750,000.00 respectfully.

5. As part of the loans from Regions, the Debtor executed and delivered to Regions a Commercial Security Agreement ("Security Agreement"). The Notes are secured by liens on certain of such Debtor's personal property – including, machinery, equipment and inventory. The Security Agreement granted to Regions a security interest in Debtor's personal property described in the Security Agreement. Docutek also granted Regions a security interest and for which Regions Bank filed a UCC-1 Financing Statement on October 4, 2007.

6. Regions may assert that the Debtor's collection of accounts receivables and cash represents Cash Collateral in which it has an interest. The Debtor has decided to seek the Court's authorization for the use of the accounts receivables and other

monies on an interim and final basis without waiving any arguments the Debtor may have as to the validity, extent and priority of any liens. The Debtor is working with Regions to secure their consent to the relief requested herein.

### Relief Requested

**A.**  *Use of Cash*

7.  As is the case with virtually every company facing a restructuring, the Debtor has cash needs. The immediate use of the cash generated by operation of its business is necessary to meet the day-to-day operational costs associated with the management of the Debtor's business. The inability of the Debtor to use cash would immediately and irreparably harm the Debtor, its estate and its creditors, and would impair the possibility for a successful restructuring of its business. More importantly, if Debtor is unable to pay the expenses related to the business, the business will deteriorate rapidly, harming the value of the collateral.

8.  In addition, the Debtor has executed an Asset Purchase Agreement with another company for the sale of all assets of the Debtor. The inability to use cash collateral would result in a loss of the sale.

9.  The Debtor anticipates that its cash on hand as of the Petition Date plus the collections of cash subsequent to the Petition Date will meet their cash needs during the interim period the course of its Chapter 11 case. The Debtor will pay its operating and chapter 11 expenses. The Debtor intends to operate in accordance with a budget, which is attached hereto as **Exhibit A**. Prior to the entry of a final order authorizing use of the Debtor's cash, the Debtor proposes to pay only those items necessary to preserve operations and avoid immediate and irreparable harm to its estates, including,

but not limited to, funding employee payroll, purchasing supplies and materials, and maintaining the premises.

### Basis for Relief

10. The Debtor is prepared to provide adequate protection to Regions. Such adequate protection would cover the Debtor's use of those assets in which Regions has an interest, including, machinery and equipment, and inventory, as well as the Debtor's use of cash to the extent such cash is determined to be Cash Collateral.

11. Section 361 of the Bankruptcy Code provides that periodic cash payments, replacement liens, or relief constituting the "indubitable equivalent" of the creditor's interest may provide adequate protection. See 11 U.S.C. § 361; see also In re Resolution Trust Company v. Swedeland Development Group, Inc. (In re Swedeland Development Group, Inc.), 16 F.3d 552, 564 (3d Cir. 1994); In re Potvin Lumber Company, Inc., 24 B.R. 54 (Bankr. D. Vt. 1982) (ordering that the debtor could use cash collateral, and finding that the bank was adequately protected where the total value of the debtor's personal property exceeded the bank's indebtedness); In re Coventry Commons Associates, 149 B.R. 109 (Bankr. E.D. Mich. 1992).

12. What constitutes adequate protection must be decided on a case-by-case basis. See Mbank Dallas, N.A. v. O'Connor (In re O'Connor), 808 F.2d 1393, 1396 (10th Cir. 1987); In re Martin, 761 F.2d 472 (8th Cir. 1985); see also, S. Rep. No. 95-989, 95th Cong., 2d Sess. 54 (1978). The objective of the requirement is to protect a secured creditor from diminution in the value of its collateral during the use period. See Matter of Kain, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); In re Beker Industries Corp., 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986).

13. The Debtor proposes to provide Regions adequate protection in the following forms of replacement liens.

14. The Debtor also proposes to provide adequate protection to Regions through regular reporting on the Debtor's operations and financial performance. Such reports will allow Regions to monitor the Debtor's performance and the condition of its collateral. With such information, Regions would be in a position to take action to protect its collateral if remedial action were to become necessary.

15. In summary, the adequate protection proposed by the Debtor, a combination of periodic payments and regular reporting, when taken together adequately protect Regions for the use of its collateral. The Debtor to utilize cash would be justified in light of the proposed adequate protection, particularly when coupled with the benefits to the Debtor's restructuring efforts as a result of such use.

**B.**     *Expedited Hearing on the Motion*

16. Pursuant to Bankruptcy Rule 4001(b)(2), a final hearing on a motion for the use of Cash Collateral may not be commenced earlier than 15 days after service of the motion. The Court, however, is empowered to conduct a preliminary hearing before the expiration of such 15-day period and to authorize the use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

17. Pursuant to Bankruptcy Rule 4001(b) and Local Rule 9013-1(F) and (G), the Debtor requests that the Court conduct a preliminary hearing on this Motion at the Court's earliest available date in accordance with Local Rules. The need for emergency and preliminary relief in these cases is evident from the facts set forth above.

**Notice**

18. No creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; (b) the Debtor's prepetition secured lender; (c) the Internal Revenue Service; (d) the Debtor's known taxing authorities; and (f) all other parties in interest that have filed a notice of appearance in accordance with Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court. A copy of a Proposed Order is attached as Exhibit B.

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) granting to Regions adequate protection; (ii) authorizing, on an interim and final basis, the Debtor's use of Cash Collateral (as that term in defined in section 363(a) of the Bankruptcy Code); (iii) scheduling a final hearing on this motion; and (iv) granting such other and further relief as the Court may deem proper.

**CERTIFICATIONS**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A) and that the Debtor has contacted Regions about the relief requested herein as required by Local Rule 9073-1(D).

Respectfully submitted,

**LAW OFFICES OF JOE M. GRANT, P.A.**
Attorney for Debtor
60 South Federal Highway, Suite 202
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  jmgrant@jmgrantlaw.com


By:    /s/ Joe M. Grant
         JOE M. GRANT
         Florida Bar No. 137758

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of May, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

           /s/ Joe M. Grant
            JOE M. GRANT

## SERVICE LIST

**SERVED VIA CM/ECF NOTICE AND U.S. MAIL**

- Joe M. Grant        jmgrant@jmgrantlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

**SERVED VIA U.S. MAIL**

**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

**Advanced Imaging Solution**
3690 N. Rancho Drive
Las Vegas, NV 89130-3182

**American Express**
PO Box 360001
Fort Lauderdale, FL 33336-0001

**Bellsouth Advertising**
PO Box 105024
Atlanta, GA 30348-5024

**Candles of Grassy Meadows**
100 N. Fresno Street
Fresno, CA 93701

**Citi Card**
PO Box 183051
Columbus, OH 43218-3051

**Copy Technologies**
2035 Fair Oaks Circle
Denton, TX 76210-8861

**Copynet Office Systems**
1301 Avenue K
Plano, TX 75074-6907

**Dell**
PO Box 534118
Atlanta, GA 30353-4118

**Docuware Corporation**
356 Meadow Avenue
Newburgh, NY 12550-3038

**Impression Solutions**
401 Yorkville Road
Columbus, MS 39702-7618

**Interstate Deerfield**
9177 Glades Road
Suite 209
Boca Raton, FL 33434

**Interstate-Deerfield, LLC**
c/o Mitchell D. Adler, Esq.
Greenspoon Marder, P.A.
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309-2195

**Konica Minolta Business**
PO Box 93314
Amesbury, MA 01913

**MWA Intelligence, Inc.**
PO Box 504373
Saint Louis, MO 63150-4373

**Original Copy Supplies**
4435 Cibciyrse Drive
Ann Arbor, MI 48108

**Polek & Polek**
PO Box 53021
Newark, NJ  07101

**Regions Bank**
**c/o Rice Pugatch Robinson & Schiller, P.A.**
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, FL  33301

**Ricoh Americas Corp.**
PO Box 73076
Chicago, IL 60673-7076

**Square IT Solutions, Inc.**
4320 NW 71st Drive
Coral Springs, FL 33065-2127

**Zeno Office Solutions**
PO Box 23687
Marshall, MN 56258-4002

**Regions Bank**
6990 SW 8th Street, Suite 200
Miami, FL  33144

**Rice Pugatch Robinson & Schiller, P.A.**
**c/o Arthur H. Rice**
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, FL  33301

**Sherman Law Office**
1000 Corporate Drive
Suite 310
Fort Lauderdale, FL 33334-3645

**US Bank**
1310 Madrid Street
Suite 101
Tampa, FL 33623-3687