

**ORDERED in the Southern District of Florida on June 03, 2011.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov**

In re:

DOCUTEK IMAGING SOLUTIONS,            Case No. 11-24110-RBR
INC.,                                 Chapter 11

    Debtor.
_____/

**AGREED INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL
AND (II) GRANTING ADEQUATE PROTECTION TO REGIONS BANK
AND REPLACEMENT LIENS <u>*NUNC PRO TUNC* TO MAY 27, 2011</u>**

THIS CAUSE came before the Court on May 31, 2011 at 2:00 p.m. upon the *Debtor's Emergency Motion for Entry of Order Authorizing on an Interim and Final Basis Use of Cash Collateral* (ECF No.6) (the "Cash Collateral Motion") filed by Docutek Imaging Solutions, Inc., the Debtor and Debtor-in-Possession (the "Debtor"). The Cash

1

Collateral Motion seeks the entry of an Order (the "Order") authorizing the use of Cash Collateral, as that term is defined in 11 U.S.C. § 363(a), and the granting of adequate protection to Regions Bank. Regions Bank, the Secured Creditor in this case, and the Debtor have reached an agreement regarding the Debtor's use of Cash Collateral up through and including the time period(s) as described in paragraph 13 below, upon the terms and conditions contained in this Interim Order.

The Court, having confirmed that Regions Bank and the Debtor are in agreement as to the entry of an Interim Order as set forth below, and the Court having heard argument of counsel, considered the record and being otherwise duly advised in the premises,

**THE COURT, BASED UPON THE REPRESENTATIONS MADE BY THE DEBTOR AND REGIONS BANK, HEREBY FINDS THAT:**

A. On May 27, 2011 (the "Petition Date"), the Debtor filed the above-referenced petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor remains in possession of its assets and continues to operate its business as debtor-in-possession ("DIP").

B. A Committee of Unsecured Creditors (the "Committee") has not yet been appointed by the United States Trustee. The Debtor is a Florida corporation. Prior to the Petition Date, the Debtor's primary business was selling and renting printing systems.

D. Prior to the Petition Date, Regions Bank asserts that it loaned $1,742,500.00 and $750,000 under two separate notes to Debtor as evidenced by Promissory Notes executed in June, 2007 and collateralized by the property described in the Security Agreement (collectively "Regions' Collateral") and was further perfected

2

by the filing of a UCC-I Financing Statement filed with the State of Florida and bearing Filing Number 200501344630 (collectively the "Pre-Petition Loan Documents")[1].

  E. Debtor has acknowledged that it is indebted to Regions Bank in the approximate amount of $2,500,000.00 plus any other amounts due under the Pre-Petition Loan Documents, and that such indebtedness is collateralized by Regions' Collateral.

  WHEREUPON, this Court makes the following conclusions of law:

  F. Good and sufficient notice of the hearing on the *Motion* has been provided in accordance with Section 102(1) and 363(c)(2) and (e) of the Bankruptcy Code, Rules 2002 and 4001, and the Local Rules of this Court. This is a core proceeding defined in 28 U.S.C. § 157(b)(2)(A), (D), (G), (K), (M), and (O).

  G. The relief granted by this Court pursuant to this Interim Order is necessary to the continued operations of the Debtor's business and is in the best interests of the Debtor, its creditors, and its estate

  **NOW THEREFORE, it is ORDERED** that:

  1. The Cash Collateral Motion is GRANTED subject to the terms and conditions contained in this Interim Order.

  2. <u>Reservation of Rights and Status Quo:</u> It is the intent of the Court, by this Interim Order, to reserve unto all parties all legal and equitable rights and duties, and to preserve the status quo pending further proceedings subject to the time limitations set forth below. As a result, any right, objection, factual assertion or legal argument not

---

[1] Failure to have referenced any particular document shall not be construed as a waiver of rights under such document by Regions Bank.

specifically addressed and ruled upon herein shall remain as it was prior to the entry of this Interim Order.

3. <u>Perfection of Regions Liens/Priority:</u> The Debtor shall have sixty (60) days to challenge the Pre-Petition Loan Documents and whether the Loan Documents create valid, enforceable and duly-perfected first priority liens in and to Regions' Collateral and are not subject to avoidance or subordination. This provision and the provision in paragraph 4 bind only the Debtor and its principal. A subsequently appointed trustee, or a committee of creditors, if appointed, are not bound by this stipulation, except as to paragraph 7 below.

4. <u>Use of Cash Collateral and Pre-Petition Collateral:</u> The Debtor is authorized to use Cash Collateral as provided for in paragraph 6 below, unless said right is terminated sooner as outlined in paragraphs 11 and 12 below, and only in accordance with the budget, or within the below defined variance of the Budget, attached hereto as Exhibit "1" (the "Budget") and for purposes which include: (i) care, maintenance and preservation of the Debtor's assets; (ii) payment of necessary payroll, utilities, and vendors; and (iii) other payments necessary to sustain continued business operations including the conduction of the sale process. However, Debtor's use of Cash Collateral shall not be in excess of cash on hand, collections actually received in connection with accounts, disposition of inventory and sales existing on the Petition Date and generated thereafter. The Debtor warrants and represents that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business in connection with operation of its business for the period set forth in the Budget. In no event shall the Debtor use any Cash Collateral to pay any

items except as set forth in the Budget. In connection with the Debtor's use of Cash Collateral, the Debtor is authorized: (i) to exceed any line item on the Budget by an amount equal to five percent (5%) of such line item; or (ii) to exceed any line item by more than five percent (5%) so long as the total amount in excess of all line items for the Budget do not exceed five perfect (5%) in the aggregate of the total Budget. The Debtor shall not exceed the line item amounts for each category outside the terms set forth above and without express leave of Court or consent by Regions Bank. Regions Bank expressly reserves any and all rights to object to Debtor's requests for additional payments.

5.      Term: This Interim Order shall continue in effect for thirty (30) days from the date of this Order until terminated pursuant to paragraph 11 or 12 and pending any other subsequent order of this Court directed specifically to this Order and the Debtor's continued use of Cash Collateral.

6.      Adequate Protection: In consideration of and as adequate protection for the Debtor's continued post petition use and possession of Regions' Collateral, and in addition to the existing rights and interests of Regions Bank in the Cash Collateral as granted to it by its Pre-Petition Loan Documents, Regions Bank is granted a post petition replacement lien upon and security interest in (retroactive to May 27, 2011, the date of the filing of the petition) all property of the Debtor of the same description, type and nature as that subject to Regions Bank's $750,000.00 prepetition lien and security interest including all cash, items in transit (uncashed checks), accounts receivable, inventory and equipment and shall be equal in extent, validity, and priority to Regions

Bank's pre-petition lien and security interest ("Adequate Protection Liens"), to the extent that Regions Bank had a perfected security interest in said collateral pre-petition

7. Super-Priority Administrative Claim: In addition to the Adequate Protection Liens provided for herein, Regions Bank shall be entitled to assert a superpriority administrative claim under Sections 503(b) and 507(b) of the Bankruptcy Code to the extent the Adequate Protection Liens shall be insufficient to compensate for any diminution in value of Regions' Collateral [excluding the house which is not property of the estate] as of the Petition Date, and such claim shall have priority over every other allowed claim pursuant to Section 507(a)(1) of the Bankruptcy Code, except that Regions Bank agrees to a carve out of its collateral, to the extent that funds are otherwise not available, for the payment of any pending United States Trustee fees and fees due to the Clerk of Courts

8. Automatic Perfection: The above mentioned Adequate Protection Liens shall be deemed attached, perfected and enforceable against the Debtor and all other persons, without the filing of any financing statement or other compliance with non-bankruptcy law. The Debtor shall however, at Regions Bank's request, execute and deliver any and all documents permitting such security interest to be filed or recorded with any appropriate agency of official. Any such filing or recording shall be deemed to have been filed or recorded on the Petition Date. If any provision of this Interim Order is hereafter modified, vacated or stayed by subsequent order of any court for any reason, such modification, vacutur or stay shall not affect the validity, perfection, priority or enforceability of Regions Bank's Adequate Protection Liens.

9. <u>Insurance:</u> The Debtor shall maintain, keep and preserve Regions Bank's collateral In accordance with the terms and provisions of the Pre-Petition Loan Documents, including the obligation to maintain insurance on said collateral, in full compliance of the United States' Trustee's Guidelines, and Debtor, upon request, shall furnish full information as to the insurance in effect to Regions Bank.

10. <u>Reservation of Rights:</u> Nothing in this Interim Order shall prejudice or limit the rights of Regions Bank to seek from this Court, after notice and a hearing, and the Debtor's rights to oppose, at any future time, relief from the automatic stay imposed under §362(a) of the Bankruptcy Code, appointment of a Trustee or Examiner under § 11 04 of the Bankruptcy Code, conversion or dismissal under § 1112 of the Bankruptcy Code or otherwise, or any relief available to Regions Bank. In addition, nothing in this Order shall preclude or restrict any Creditors' Committee or subsequently appointed trustee from challenging the validity, extent or priority of any pre-petition claims, liens or obligations asserted or claimed by Regions bank and nothing herein set forth shall waive any claims, rights, or demands which any creditors' committee or subsequently appointed trustee possess or may assert against Regions Bank.  Additionally, no terms in this Interim Order shall constitute a waiver by the U.S. Trustee's office or any creditor's committee to object to this terms of this interim agreement and no terms herein constitutes a waiver of any rights afforded to interested parties as set forth in the "Guidelines for Motions Seeking Authority to Use Cash Collateral and Motions Seeking Approval of Postpetition Financing", as incorporated by Local Rule 4001-2.

11. <u>Default:</u> In the event of the failure of the Debtor to fully perform any of its obligations as provided in this Interim Order (a "Default Event"), upon notice thereof by

Regions Bank to the Debtor, counsel for the Debtor and the U.S. Trustee, Regions Bank shall be entitled to immediately seek a hearing when the Court's calendar permits, on the issue of whether a Default Event has occurred and whether to terminate the Debtor's use of Cash Collateral. A Default Event, includes but is not limited to Debtor's:

    a.    Failure to comply with any term of this Interim Order;

    b.    Failure of the Debtor to comply with the Budget or occurrence of any deviations outside the allowed deviations set forth in Paragraph 5 from the Budget by the Debtor;

    c.    Failure to maintain insurance on Regions Bank's collateral;

    d.    Seeking, without the prior written approval of Regions Bank, to permit or grant additional liens, encumbrances, or security interests or any kind upon Regions Bank's Cash Collateral or Regions' Collateral;

    e.    Filing of an appeal or a motion for reconsideration, reversal or modification (except as to the Budget and within the parameters set forth by Paragraph 5 above) with respect to all or any portion of this agreed Interim Order;

    f.    Appointment of any trustee in Debtor's Chapter 11 case;

    g.    Making or furnishing any materially false, inaccurate or incomplete representation, warranty, certificate or report or other averment in or respect to the provisions of this agreed Second Interim Order; or

    h.    Failure to file on a timely basis any required reports to Regions Bank or Office of the U.S. Trustee.

    12.    <u>Termination of Use of Cash Collateral:</u> The Debtor's authority to use Cash Collateral under the terms of this Interim Order shall continue for thirty (30) days from

the date of this Order or until the occurrence of any of the following: (i) the entry of an Order granting Regions Bank, or any party other than Regions Bank, relief from the automatic stay with respect to any property of the Debtor in which Regions Bank claims a lien or security interest, whether pursuant to this Interim Order or otherwise; (ii) the entry of an Order dismissing the Chapter 11 proceeding or converting this proceeding to a case under Chapter 7 of the Bankruptcy Code; (iii) the entry of an Order authorizing the appointment of a trustee; (iv) the entry of an Order confirming a Plan of Reorganization; or (v) the entry of an Order by which this Interim Order is reversed, revoked, stayed, rescinded, modified or amended without the consent of Regions Bank thereto. Provided, however, the foregoing shall be without prejudice to the Debtor's right to seek an extension of the Debtor's right to use Cash Collateral or Regions Bank's right to request the Court to discontinue the Debtor's use of Cash Collateral at any time upon a showing of good cause.

13. <u>Successors:</u> The provisions of this Interim Order shall be binding upon and inure to the benefit of Regions Bank and the Debtor and their respective successors and assigns, excluding any Trustee or creditor's committee which may be appointed to administer the estate.

14. <u>Rule 4001 Requirements:</u> In accordance with Rule 4001 of the Bankruptcy Rules, the Court finds that the Debtor's authorization to use Cash Collateral pursuant to the Order is necessary to avoid immediate and irreparable harm to the Debtor's estate. Within two (2) business days of the entry hereof, the Debtor shall serve a copy of this Order on each party entitled to receive notice pursuant to Rule 4001 (b)(1) of the Bankruptcy Rules by first class mail.

15. <u>No Novation:</u> This Order shall not cause a novation of any of Regions Bank's Pre-Petition Loan Documents.

16. The Court shall set a final hearing for use of cash collateral on July __, 2011 at _____ .m. at the United States Bankruptcy Court, 299 East Broward Boulevard, Room 308, Fort Lauderdale, Florida 33301.

**###**

**Submitted: by**

**Joe M. Grant, Esquire**
Attorney for Debtor
601 South Federal Highway, Suite 202
Boca Raton, Florida  33432

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

v.3

**Docutek Imaging Solutions**
**13 week cash flow projection**
**May 28 2011 thru Aug 13, 2011**

| W/E | 05/28/11 | 05/31/11 | 06/04/11 | 06/11/11 | 06/18/11 | 6/25/2011 | 7/2/2011 | 7/9/2011 | 7/16/2011 | 7/23/2011 | 7/30/2011 | 8/6/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beg Bal | $1,600.00 | $12,795.51 | $24,580.51 | $5,045.51 | $21,476.51 | $12,300.51 | $21,131.51 | $217.51 | $13,481.51 | $1,305.51 | $19,569.51 | $1,574.51 |
| Receipts | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 | $30,000.00 |
| Deal payoffs | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Disbursements | | | | | | | | | | | | |
| Total Payroll/Txs/Mileage | $8,466.49 | | $39,100.00 | | $33,600.00 | | $39,100.00 | | $33,600.00 | | $39,190.00 | |
| W/C Insur | | $825.00 | | | | | $825.00 | | | | $825.00 | |
| Gen Liab/Auto Insur | | | | $2,500.00 | | | $2,500.00 | | | | | $2,500.00 |
| Health Insur | | $4,000.00 | | | | $4,000.00 | | | | | $4,100.00 | |
| Electric | | | $2,000.00 | | | | $2,000.00 | | | | | $2,000.00 |
| Water/Trash | $409.00 | | $409.00 | | | | $409.00 | | | | | $409.00 |
| Mini Warehouse | | $54.00 | | | | | $54.00 | | | | $54.00 | |
| Telephone Internet) phones) | | | | $1,333.00 | | | $1,333.00 | | | | | |
| Cell phones | | | $1,600.00 | | | | $1,600.00 | | | | | |
| Lic. software | | $2,200.00 | | | | | $2,200.00 | | | | | $2,200.00 |
| Sales Tax | $2,353.00 | | | | | $3,500.00 | | | | $4,000.00 | | |
| Bldg cleaning | | $160.00 | | $160.00 | | $160.00 | | $160.00 | | $160.00 | | $160.00 |
| Bank Fees | | $400.00 | | | | | $400.00 | | | | $400.00 | |
| Supplies - Custs | $3,000.00 | $5,000.00 | $2,000.00 | $5,000.00 | $2,000.00 | $5,000.00 | $0.00 | $9,000.00 | $4,000.00 | $3,000.00 | $0.00 | $10,000.00 |
| Parts - Custs | $2,000.00 | $3,000.00 | $1,000.00 | $2,000.00 | $1,000.00 | $3,000.00 | $0.00 | $5,000.00 | $2,000.00 | $2,000.00 | $0.00 | $5,000.00 |
| Vendor dealer pays | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Office Exp | | | $200.00 | | | | $200.00 | | | | $200.00 | |
| Postage | | | $150.00 | | | | $150.00 | | | | $150.00 | |
| Truck Exp | | | $500.00 | | | | $500.00 | | | | $500.00 | |

**Docutek Imaging Solutions**
**13 week cash flow projection**
**May 28 2011 thru Aug 13, 2011**

| W/E | 05/28/11 | 05/31/11 | 06/04/11 | 06/11/11 | 06/18/11 | 6/25/2011 | 7/2/2011 | 7/9/2011 | 7/16/2011 | 7/23/2011 | 7/30/2011 | 8/6/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Bldg Rent | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Cust. Upgrade Agree | | | | | | | | | | | | |
| US Qtr Trustee Fee | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 | $576.00 |
| Total Disbs | $18,804.49 | $18,215.00 | $49,535.00 | $13,569.00 | $39,176.00 | $21,169.00 | $50,914.00 | $16,736.00 | $42,176.00 | $11,736.00 | $47,995.00 | $24,845.00 |
| Ending Bal | $12,795.51 | $24,580.51 | $5,045.51 | $21,476.51 | $12,300.51 | $21,131.51 | $217.51 | $13,481.51 | $1,305.51 | $19,569.51 | $1,574.51 | $6,729.51 |

| | 8/13/2011 | Total |
|---|---:|---:|
| | $6,729.51 | $29,153.51 |
| | $30,000.00 | $390,000.00 |
| | $0.00 | $0.00 |
| | | $193,056.49 |
| | | $2,475.00 |
| | | $7,500.00 |
| | | $12,100.00 |
| | | $6,000.00 |
| | | $1,636.00 |
| | | $162.00 |
| | | $2,666.00 |
| | | $3,200.00 |
| | | $6,600.00 |
| | | $9,853.00 |
| | | $960.00 |
| | | $1,200.00 |
| | $3,000.00 | $51,000.00 |
| | $2,000.00 | $28,000.00 |
| | $0.00 | $0.00 |
| | | $600.00 |
| | | $450.00 |
| | | $1,500.00 |

| | 8/13/2011 | Total |
|---|---|---|
| | $2,000.00 | $26,000.00 |
| | | $0.00 |
| | $576.00 | $7,488.00 |
| | $7,576.00 | $362,446.49 |
| | $29,153.51 | $56,707.02 |